IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01175-BNB

RAYES MARTINEZ,
    Applicant,
v.

BLAKE R. DAVIS, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 26 2010

GREGORY C. LANGHAM
                CLERK

## ORDER TO FILE PRE-ANSWER RESPONSE

Applicant, Rayes Martinez, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. He has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his state court conviction in Adams County, Colorado, district court Case No. 05-cr-1104. He paid the $5.00 filing fee.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Pre-Answer Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and to **Denson v. Abbott**, 554 F.Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise

address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

DATED July 26, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01175-BNB

Rayes Martinez
Reg No. 34534-013
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Blake R. Davis, Warden - **CERTIFIED**
US Penitentiary ADX
5880 Hwy 67 South
Florence, CO 81226

United States Attorney General - **CERTIFIED**
Room 5111, Main Justice Bldg.
10th and Constitution, N.W.
Washington, D.C. 20530

United States Attorney
District of Colorado
**DELIVERED ELECTRONICALLY**

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Blake R. Davis; The United States Attorney General; the United States Attorney's Office; and to John Suthers: AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS FILED 06/24/10 on 7/26/10 .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk