IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01175-BNB

RAYES MARTINEZ,

    Applicant,

v.

BLAKE R. DAVIS, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Rayes Martinez, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Martinez filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee for a habeas corpus action.

Mr. Martinez is in physical custody of the BOP serving a 127-month sentence imposed by the United States District Court for the District of South Dakota (Western Division) in Criminal Action No. 06-cr-50052-02 (D.S.D. Sept. 24, 2007) for conspiracy to distribute cocaine. In the § 2254 application, he is challenging the pending probation-revocation proceeding concerning the judgment of conviction and sentence imposed upon him in case number 05CR1104 in the district court of Adams County, Colorado.

On July 26, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response within twenty-one days limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under § 2254(b)(1)(A). The July 26 order permitted Mr. Martinez to file a reply within twenty-one days of the filing of the pre-answer response.

On August 3, 2010, the State Attorney General filed a pre-answer response. Citing *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief."), the Attorney General conceded state court custody for purposes of the § 2254 application because Mr. Martinez's probation still is active and has not been terminated. On August 16, 2010, Respondent Blake Davis, in his official capacity as warden and custodian of Mr. Martinez, filed a pre-answer response, arguing that he erroneously had been named as a Respondent because Mr. Martinez's federal custody is not pursuant to a state court judgment as required by § 2254. On August 25, 2010, Mr. Martinez filed a reply.

The Court must construe liberally Mr. Martinez's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action. The only pre-answer response cited below is the pre-answer response submitted by the State Attorney General (docket no. 7).

Mr. Martinez pleaded guilty in Adams County District Court case number 05CR1104 to possession of more than one gram of a controlled substance, a class-four

felony and, on July 11, 2005, was sentenced to two years of probation. *See* pre-answer response, ex. A, pdf. at 8. He did not appeal directly from the judgment of conviction or his sentence.

On November 21, 2006, a complaint for revocation of probation was filed. *See* pre-answer response, ex. A, pdf. at 7. On November 27, 2006, the trial court issued an arrest warrant on the complaint. *See id.* On the same day, Mr. Martinez was arrested on a warrant issued on July 28, 2006 in his federal drug case. *See* pre-answer response, ex. C, pdf. at 4.

On June 19, 2008, Mr. Martinez filed a motion to dismiss the warrant. *See* pre-answer response, ex. A, pdf. at 7. On August 6, 2008, he filed a motion to dismiss the complaint for revocation of probation. *See id.*, pdf. at 6. On August 25, 2008, the trial court held a hearing on the motions, but Applicant was not present because he was in federal custody. *See id.* The trial court did not dismiss the complaint and ordered that the warrant remain active. *See id.*

On July 9, 2009, Mr. Martinez filed a motion pursuant to Rule 60(b)(5) of the Colorado Rules of Civil Procedure, apparently challenging the trial court's August 25, 2008 decision not to dismiss the complaint and to order that the warrant remain active. *See id.* On July 14, 2009, the trial court denied the motion, finding good cause for delay because the district attorney's office was unable "to writ" Mr. Martinez from federal custody. *See id.* In an order entered on December 9, 2009 and filed the next day, Mr. Martinez's appeal of the July 14, 2009 order was dismissed as untimely. *See* amended application, pdf. at 11-13; *see also* pre-answer response, ex. A, pdf. at 5-6.

On May 20, 2010, Mr. Martinez filed his original habeas corpus application with this Court. On June 24, 2010, he filed an amended application. He asserts one claim that he has been denied the rights to due process in violation of the Fifth and Fourteenth amendments and to confront witnesses in violation of the Sixth and Fourteenth amendments. He apparently is challenging the pending revocation proceeding and what he mistakenly believes to be the revocation, which has not yet occurred. He specifically alleges he did not receive notice that a probation complaint had been filed against him until nearly two years after the filing and, as a result, he has been unable to defend against the complaint.

Respondents argue that, to the extent Mr. Martinez contends he has been unable to defend against the revocation of his probation, the claim is premature. The Court agrees. A federal court's jurisdiction extends only to actual cases or controversies. *Garcia v. Bd. of Educ.*, 520 F.3d 1116, 1123 (10th Cir. 2008). In the instant action, there is no case or controversy because the issue is not ripe for adjudication. The ripeness doctrine is "intended 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). "In short, the doctrine of ripeness is intended to forestall judicial determinations of disputes until the controversy is presented in clean-cut and concrete form." *Id.* (internal quotation marks and citations omitted). In determining whether a claim is ripe, two issues must be evaluated: (1) the fitness of the issue for judicial resolution, and (2) the hardship to the parties of

withholding judicial consideration. *Id.* "In determining whether an issue is fit for judicial review, the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotation marks and citation omitted). "To this end, courts frequently focus on whether a challenged government action is final and whether determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed." *Id.* (citations omitted). In assessing the hardship to the parties of withholding judicial resolution, the inquiry typically turns on whether the challenged action creates a "direct and immediate" dilemma for the parties. *Id.* (internal quotation marks and citations omitted).

Mr. Martinez's probation has not been revoked. As is clear from the state record of the August 25, 2008 hearing, *see* pre-answer response, ex. A, pdf. at 6, no action has been taken on the merits of the complaint for revocation of probation because Mr. Martinez is in federal custody and the warrant for his arrest on the complaint remains active. *See id.* Therefore, he has not yet been denied his rights of confrontation and to present a defense.

Mr. Martinez's contention that he is unable to defend against the revocation of his probation is premature. Any claim of injury, or fear that his rights will be lost in an irremediable way, is necessarily speculative. At this juncture, the outcome of the pending revocation proceeding is uncertain, the proceeding appears to require facts that may not yet be sufficiently developed, and withholding judicial resolution does not appear to create a direct and immediate dilemma for the parties. Thus, Mr. Martinez's

5

claim is not fit for judicial resolution, and any hardship to the parties of withholding judicial consideration is not direct and immediate. The claim is not ripe for review.

Respondents also argue that, to the extent Mr. Martinez is attempting to vacate the pending revocation proceeding, the Court must abstain under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The Court also agrees. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See id.* at 44; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). Although a probation revocation proceeding is not a criminal proceeding, *see Gagnon v. Scarpelli*, 411 U.S. 778, 788-89 (1973), the spirit of the *Younger* doctrine prohibits a federal court from derailing a pending probation revocation proceeding. *See Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000); *see also Middlesex Cnty. Ethics Comm. v. Garden State*, 457 U.S. 423, 432 (1982) (policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved); *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627 (1986) (same).

To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Martinez does not allege any facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the pending state revocation proceeding. The fact that Mr. Martinez will be forced to appear in state court

in a revocation proceeding, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). If Mr. Martinez ultimately has his probation revoked in state court and he believes that his federal constitutional rights were violated in obtaining that revocation, he may pursue his claims in federal court by filing a § 2254 application after he exhausts state remedies. Therefore, the Court will abstain from exercising jurisdiction over Mr. Martinez's claim challenging the pending revocation proceeding.

To the extent Mr. Martinez may be seeking to force the prompt holding of a revocation proceeding, this relief in unavailable to him under the holding in *Moody v. Daggett*, 429 U.S. 78 (1976) (a federal parolee imprisoned for crime committed while on parole was not constitutionally entitled to a prompt parole revocation hearing). The Supreme Court never has held that "a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing." *Carchman v. Nash*, 473 U.S. 716, 733 n.10 (1985).

Because the Court will deny the habeas corpus application and dismiss the instant action for the reasons stated above, the Court need not address Respondents' remaining arguments concerning the one-year limitation period in 28 U.S.C. § 2244(d) and exhaustion of state remedies.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  14th  day of  September , 2010.

BY THE COURT:


 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01175-BNB

Rayes Martinez
Reg No. 34534-013
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Marc A. Bonora
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/14/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk